RECEIVED
OCT 13 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BEAL BANK, S.S.B. | CIVIL ACTION NO. CV 05-1163 |
| VERSUS | SECTION L-O |
| RICK V. NGUYEN, *solely for purposes of security interest recognition and enforcement and not in personam,* | JUDGE DOHERTY |
| and | MAGISTRATE JUDGE METHVIN |
| The documented vessel, MASTER MACK, Official Number 1061147, with its engines, machinery, equipment, fixtures, electronics, navigational electronics and devices, appurtenances, etc., *in rem* | |

## DEFAULT JUDGMENT

Considering the Motion for Order of Default Judgment and Sale of Vessel (the "Default Motion") filed on behalf of Beal Bank, S.S.B. ("Plaintiff"), and after considering the said motion, the pleadings herein, and the law, which show that:

1. For loan advances or other extensions of credit by Plaintiff, Defendant Rick V. Nguyen ("Nguyen") executed a U.S. Small Business Administration Note dated April 9, 1999 and made payable to the order of Boca Raton First National Bank ("BRFNB") in the principal amount of $510,000.00 (the "Note").

2. In order to secure the payment in full to BRFNB of the indebtedness due by Nguyen under the Note, including principal, interest, costs and fees, Nguyen duly executed and delivered to BRFNB, as mortgagee, the following Preferred Ship Mortgage (the "Mortgage"):

> Preferred Ship Mortgage dated April 9, 1999 covering the whole of the vessel MASTER MACK, a documented vessel bearing Official Number 1061147.

3. The Mortgage was duly filed with the Secretary of Transportation/United States Coast Guard at Falling Waters, West Virginia, in substantial compliance with 46 U.S.C. § 31321, on May 7, 1999 in Book 99-79, Page 217.

4. In order to more fully secure the payment in full to BRFNB of the indebtedness due under the Note, including principal, interest, costs and fees, Nguyen duly executed and delivered to BRFNB the following document granting a security interest (the "UCC Security Interest") in and on the Defendant Vessel (as defined below):

> Grant of Security Interest By Rick V. Nguyen In Favor of Boca Raton First National Bank dated April 9, 1999 covering MASTER MACK, a documented vessel bearing Official Number 1061147 and all of the Nguyen's equipment, fixtures, inventory, accounts and general intangibles; together will all products and proceeds therefrom.

5. The UCC Security Interest was perfected by the filing of the following:

> UCC Financing Statement Form UCC-1 relating to the vessel MASTER MACK, a documented vessel bearing Official Number 1061147, filed May 6, 1999 as No. 26-233207, in the official U.C.C. records of the State of Louisiana (the "Financing Statement").

6. BRFNB subsequently failed and the Federal Deposit Insurance Corporation ("FDIC") became the Receiver for Net First National Bank f/k/a Boca Raton First National Bank. In its capacity as Receiver, the FDIC transferred and conveyed to Plaintiff all of the right, title and interest in and to the Note, the Mortgage and the UCC Security Interest.

7. Plaintiff has been and remains the owner and holder of the Note.

8. The effectiveness of the Financing Statement was continued by the filing of the UCC Financing Statement Amendment filed April 12, 2004 as No. 26-280072.

9. The Note has not been paid and is in default.

10. Process was executed by service of a Warrant for Arrest upon the following vessel, with its engines, machinery, equipment, fixtures, electronics, navigation electronics and

devices, appurtenances, etc. on July 1, 2005 by the United States Marshal for the Western District of Louisiana (collectively, the "Defendant Vessel"):

The documented vessel, MASTER MACK, Official Number 1061147.

11. On July 8, 2005, Nguyen was formally served with the Complaint and summons by process server.

12. On July 27, 2005, in accordance with Local Admiralty Rules 64.1 and 64.5, Plaintiff caused to be published a notice of seizure in this matter in The Advertiser, a newspaper published in Lafayette, Louisiana.

13. No one has appeared to claim the Defendant Vessel or to answer the Complaint on behalf of the Defendant Vessel.

14. No claimants or lien holders have filed a claim or otherwise answered Plaintiff's Complaint in this action.

15. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure there is no just reason for delay of entry of judgment against the Defendant Vessel.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that there be final judgment under Rule 54(b) of the Federal Rules of Civil Procedure:

(1) that Beal Bank, S.S.B. is the proper owner and holder of the Note;

(2) that the Preferred Mortgage secures the payment in full to Plaintiff of the indebtedness of Nguyen, including without limitation the Note, including principal, interest, costs and fees;

(3) that all persons who might have presented a claim or answer or intervening complaint are in default;

(4) that there be judgment in favor of Beal Bank, S.S.B. and against the Defendant Vessel, with its engines, machinery, equipment, fixtures, electronics, navigation electronics and

devices, appurtenances, etc., *in rem* (i) for the total and unpaid principal of $396,462.99, plus accrued interest in the amount of $8,801.87 as of May 11, 2005, *per diem* interest (based on a variable rate) currently in the amount of $93.61 per day, negative escrows of $2,917.66, late charge fee of $2,972.66; (ii) for costs in *custodia legis* (plus other United States Marshal's costs, keeper's or substitute custodian's costs, and insurance costs as may accrue until the date of sale); and (iii) for Plaintiff's attorney's fees and costs related to these proceedings.

Lafayette, Louisiana, this ___ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

151141_1

4